[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES
The court notes that on July 29, 1999 the attorney trial referee (ATR) explicitly recommended that each party pay his or its own attorneys' fees. In its motion to correct the report dated August 10, 1999 the plaintiff requested that "the defendant be ordered to pay the plaintiff reasonable attorney's fees associated with the trial of the action at the time the judgment of foreclosure enters." The ATR denied that motion on March 13, 2000. The plaintiff did not file either an exception or objection to the ATR's report on that grounds. On August 25, 2000 the ATR amended his report and the report as amended was accepted by the court and judgment thereon entered on September 28, 2000. No award of attorneys' fees was made.
Section 49-33 (b) provides that a mechanic's lien may be foreclosed in the same manner as a mortgage. Section 52-249 provides that in any action to foreclose a lien the plaintiff shall be allowed the same costs, including a reasonable attorney's fee, as if there had been a hearing on an issue of fact. The plaintiff makes no claim that the trial of the underlying mechanic's lien action constituted a "hearing on an issue of fact" within the meaning of this statute.
The plaintiff's remedy for obtaining attorneys' fees in the underlying action existed up to the time that judgment was entered accepting the ATR's report. Thus, the plaintiff's entitlement to attorneys' fees and enforcing payment under the contract between the parties has already been adjudicated. It's attorneys fees are thereby limited to the those which are associated exclusively with post judgment services. From the updated affidavit of attorneys' fees all entries from 10/31/00 to date are allowable. That total is $675.00.
So Ordered.
BY THE COURT, CT Page 3190
Mottolese, Judge